UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT A. SCHRAMM and GABRIELA SAENZ,

                                                             **Plaintiffs,**

   v.                                                                    **COMPLAINT &**
                                                                                           **JURY DEMAND**

**THE CITY OF NEW YORK, POLICE OFFICER**
**ALAN HASSEL (#21029), POLICE OFFICER**                  1:16-cv-553
**EMMANUEL DELACRUZ (#15061), and POLICE OFFICERS**
**"JOHN DOE" #1-4,**

                                                               **Defendants.**

---

The Plaintiffs, complaining of the Defendants, by their attorneys THE REDLICH LAW FIRM, respectfully show to this Court and allege:

1. This is a civil action brought to redress the violation of rights secured to the Plaintiffs under federal law and the United States Constitution.

## PARTIES

2. Plaintiffs are citizens of the United States and residents of the State of New York, County of Albany, City of Cohoes.

3. Plaintiff Robert A. Schramm was wrongfully stopped, seized, searched and arrested, falsely accused of DWI, and wrongfully held for approximately 22 hours.

4. Plaintiff Gabriela Saenz is the wife of Robert Schramm, was a passenger the Schramm vehicle and was wrongfully stopped, seized, searched and arrested, falsely accused of interfering, and wrongfully held for approximately 16 hours.

5. Defendant City of New York (hereinafter NYC) was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and is responsible for directing and controlling the actions of the New York City Police Department (hereinafter NYPD) and its officers including the other defendants herein.

6. Defendants Hassel, Delacruz and Doe, were police officers employed by Defendants NYPD and NYC at the time of the events described herein.

## JURISDICTION & VENUE

7. This action arises under the United States Constitution, particularly under the Fourth and Fourteenth Amendments, and under 42 USC 1983, and under the Constitution and laws of the State of New York.

8. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, NYC, New York County, and under the authority of their office as police officers of said state, city and county.

9. This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1341, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under the color of state law, of the rights of citizens of the United States secured by the Constitution and 42 U.S.C. § 1981 and §1983.

10. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

11. Each plaintiff served defendants with a Notice of Claim pursuant to the General Municipal Law of the State of New York on August 10, 2015, roughly 60 days after the incident in question.

12. Defendants acknowledged receipt of the Notices of Claim.

13. More than 30 days have passed since serving the Notices of Claim and defendants have not returned the notices as defective, nor have they requested or demanded any supplemental notice or hearing.

14. Early in the morning of June 7, 2015, plaintiffs were stopped by defendants at a checkpoint in Manhattan, New York County, in the State of New York, at or near the intersection of Riverside Drive West and West 158th Street, and/or near 672 W 158th Street, at approximately 1 AM.

15. Plaintiff Schramm was driving with Plaintiff Saenz and one other passenger who is not a party to this action.

16. On June 27, 2015, plaintiffs' counsel submitted a public records or FOIL request to defendants for checkpoint guidelines, arrest reports and other documents from the checkpoint. Defendant City and its police department

(NYPD) have not provided any such documents and have persistently refused to provide them.

17. On information and belief, defendants set up the checkpoint either without any guidelines, with improper guidelines, or in a manner contrary to whatever guidelines had been established.

18. On information and belief, defendants conducted the checkpoint in an improper manner, either without guidelines, with improper guidelines, or contrary to the guidelines.

19. Throughout the encounter, Plaintiff Schramm was neither intoxicated nor impaired and manifested no signs of intoxication or impairment at any time.

20. Defendants ordered plaintiffs to perform multiple acts and used force against them without valid reason for doing so during the encounter.

21. At the beginning of the encounter, one of the defendant police officers directed Plaintiffs into a secondary inspection area.

22. In the secondary inspection area one of the defendant police officers directed Plaintiff Schramm to exit the vehicle.

23. In the secondary inspection area, the police officer defendants surrounded the vehicle, struck the vehicle with unknown objects, and attempted to open the car doors, which were locked.

24. One of the police defendants slapped the windows of the car with an unknown object that appeared to be a flexible, collapsible whipping tool shaped like a retractable car antenna.

25. Defendant police officers then ordered Plaintiff Schramm to exit the vehicle, without any valid reason for doing so, and Plaintiff Schramm exited the vehicle.

26. One of the police defendants then forcibly grabbed Plaintiff Schramm, pushed him to the back of the car and ordered him to sit on the bumper.

27. Defendant Delacruz, with neither reasonable suspicion nor probable cause, then demanded that Plaintiff take a breath test or be arrested.

28. Defendant police officers also unlawfully ordered Plaintiff Saenz and the other passenger to leave the area while they were standing on a public sidewalk.

29. One of the defendant police officers held Plaintiff Saenz from behind and forced her into a chain link fence.

30. Defendant Delacruz forced Plaintiff Schramm into handcuffs and into the back of a police car, stating: "You like to play games. Now you're gonna play my game."

31. Defendant Hassel wrongfully arrested Plaintiff Saenz, and falsely stated in the arrest papers that she had interfered with an investigation.

32. Plaintiff Saenz was wrongfully held in police custody until approximately 5 PM, for a total of approximately 16 hours.

33. Plaintiff Schramm was taken to a police station where he took a breath test and registered a blood alcohol content well below the legal limit.

34. Plaintiff Schramm was wrongfully held in police custody until approximately 11 PM, approximately 19 hours after he had registered a legal blood alcohol content, and 22 hours after he was initially detained at the checkpoint.

35. Plaintiff Schramm suffered an exacerbation of a pre-existing ankle injury as a result of Defendants' abuse.

**36.** Defendants, including in particular Defendant Delacruz, mistreated Plaintiffs not because of any genuine suspicion of crime but rather because he did not like Plaintiffs, did not like their attitude, and/or on information and belief because he bore ethnic prejudice against them.

37. With this as a background, Plaintiff, through counsel, does hereby complain and allege as follows:

### FIRST CAUSE OF ACTION

Violation of Constitutional Rights Under Color of State Law

### False Arrest and Wrongful Imprisonment

38. Plaintiff incorporates by reference and re-alleges each and every fact stated above.

39. The Actions of the Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

40. Defendants lacked probable cause for the arrest and imprisonment of Plaintiffs.

41. The United States Constitution protects citizens from false arrest and wrongful imprisonment by law enforcement officers, and prohibits officers from arresting and holding individuals where there is no probable cause to believe that they have engaged in criminal conduct.

42. The Constitution also protects citizens from suspicionless stops, except in checkpoints that are properly administered and comply with strict constitutional requirements.

43. The checkpoint conducted by defendants was improperly set up and/or improperly conducted.

44. After Defendants arrested plaintiffs, Defendants deliberately held both Plaintiffs in custody for unreasonably long periods of time for no lawful purpose.

45. Defendants conducted a breath test on Plaintiff Schramm approximately 3 hours after they arrested him, and the result indicated he was sober.

46. Knowing that Plaintiff Schramm registered a legal blood-alcohol content and was sober, Defendants deliberately, maliciously and illegally held him in custody for an additional 19 hours.

47. Knowing that Plaintiff Saenz did nothing wrong, Defendants nevertheless falsely charged her with a minor offense that they knew would be dismissed (and was dismissed), and held her for a total of 16 hours, all done deliberately, maliciously and illegally.

48. The charge issued against Plaintiff Saenz could have been issued as an appearance ticket but Defendants deliberately, maliciously and illegally arrested her and held her against her will.

49. The actions of the Defendants violated Plaintiffs' rights under the United States Constitution. It was not objectively reasonable for these Defendants to stop, arrest and detain plaintiffs. In short, the allegations created no probable cause whatsoever that plaintiffs committed any crimes.

50. Plaintiffs were conscious of the confinement and did not consent to it.

51. Defendants' confinement of plaintiffs was not privileged.

52. From the moment plaintiffs' vehicle was wrongly stopped in the checkpoint until the moment when each plaintiff was released, they were not free to leave.

53. Defendants' actions were motivated by bad faith, malice, and indifference to Plaintiffs.

54. Plaintiffs' prosecution resulted in their loss of liberty, given that they spent 16 or more hours in custody.

55. As a direct and proximate result of the time spent by Plaintiffs in custody and in the arrest process, Plaintiffs have suffered mental and emotional harm.

56. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of state law.

57. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

58. The Defendants' actions were taken pursuant to a municipal policy or custom.

59. Defendant City of New York is vicariously liable for the misconduct of Defendant Police Officers, both in general and because the officers were

carrying out the checkpoint and engaged in other actions following city policies, practices and procedures.

## SECOND CAUSE OF ACTION

Punitive Damages Against Defendants Delacruz & Hassel

60. Plaintiffs incorporate by reference and re-allege each and every fact stated above.

61. The actions of defendants were extreme and outrageous.

62. Based on the deliberate and malicious intent of Defendants Delacruz and Hassel, an award of punitive damages is appropriate to punish them for their cruel and uncivilized conduct, and to deter such conduct by them and others in the future.

## THIRD CAUSE OF ACTION

Deprivation of Rights Under 42 USC 1983: Fourth and Fourteenth Amendments

63. Plaintiffs incorporate by reference and re-allege each and every allegation stated above.

64. Defendants violated Plaintiffs' rights under the Fourth Amendment and Fourteenth Amendment by stopping Plaintiffs in a checkpoint that was set up in violation of the Fourth Amendment.

65. Defendants violated Plaintiffs' rights under the Fourth Amendment and Fourteenth Amendment by stopping Plaintiffs in a checkpoint that was conducted in a manner that violated the Fourth Amendment.

66. On information and belief, Defendants set up and conducted the checkpoint without written guidelines, in violation of the Fourth Amendment.

67. In the alternative, on information and belief Defendants set up and conducted the checkpoint in a manner that did not comply with the written guidelines that had been adopted for the checkpoint.

68. In the alternative, on information and belief, the checkpoint guidelines were improper and violated the Fourth Amendment.

69. During the checkpoint stop, Defendants ordered Plaintiffs out of the car without valid reason, in violation of the Fourth Amendment.

70. Defendants arrested and further seized Plaintiff Schramm, ostensibly for DUI, without probable cause in violation of the Fourth Amendment.

71. Defendants arrested and further seized Plaintiff Saenz, ostensibly for interfering with an investigation, without probable cause in violation of the Fourth Amendment. There was no lawful investigation being conducted and Plaintiff Saenz did not interfere anyway.

72. Defendant police officers were at all times acting under color of state law and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of Defendant City of New York.

73. Defendant police officers were acting pursuant to orders and/or directives from Defendant City of New York.

74. Defendants' illegal conduct deprived Plaintiffs of the rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the United States Constitution.

75. Defendant City of New York knew or should have known about the unlawful conduct of Defendant police officers and failed to take any steps to halt this course of conduct, to make redress to the plaintiff or other citizens affected thereby, or to take any disciplinary action regarding its employees and agents.

## FOURTH CAUSE OF ACTION

Deprivation of Rights Under 42 USC 1983: Fifth and Fourteenth Amendments

76. Plaintiffs repeat and reallege all the preceding facts herein.

77. Defendants are liable under 42 USC 1983 for the violation, under color of law, of Plaintiffs' right to be free from deprivation of liberty without due process of law as required by the Fifth and Fourteenth Amendments to the US Constitution.

78. Defendants deprived Plaintiffs of their liberty without providing any meaningful due process.

79. The manner in which defendants were deprived of their liberty and kept from their liberty lacked any procedural safeguards whatsoever.

80. Defendants had no notice of the checkpoint and no meaningful opportunity to be heard regarding the deprivation of liberty.

81. The conduct of the checkpoint lacked procedural safeguards to prevent improper deprivations of liberty such as experienced by plaintiffs.

### FIFTH CAUSE OF ACTION

Monell Claim against City of New York

82. Plaintiffs repeat and reallege all the preceding facts herein.

83. Defendant City of New York, acting through the NYPD and in other ways, developed, implemented, enforced, encouraged, and sanctioned written, oral and de facto policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of plaintiffs, which caused the violation of rights as discussed herein.

84. Defendant police officers' unlawful actions were done willfully and with the specific intent to deprive plaintiffs of their constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the US Constitution.

85. The constitutional abuses and violations by the defendants were and are directly and proximately caused by the policies, practices and/or customs developed by Defendant City of New York including: the failure to adequately supervise and train officers including the Defendants in this action, thereby failing to discourage such constitutional violations; failure to properly monitor and discipline officers including the Defendants in this action; failure to adequately investigate citizen complaints of police misconduct; and directing policies allowing checkpoints without ensuring such checkpoints follow constitutional requirements.

86. Defendant City of New York has, acting through NYPD and its officers including Defendants in this action, developed, implemented, enforced, encouraged and sanctioned policies, practices and/or customs of conducting unlawful seizures, searches and arrests at checkpoints without reasonable suspicion or probable cause, without adequate guidelines as required by the courts, and without adequate monitoring or supervision of such checkpoints to ensure constitutional compliance.

87. Defendants' actions were done willfully, knowingly, and with specific intent to deprive plaintiffs of their constitutional rights under the Fourth and Fourteenth Amendments to the US Constitution.

88. Defendants acted with a deliberate indifference (at best) to the constitutional rights of plaintiffs. As a result, plaintiffs' constitutional rights were violated causing them to suffer physical, mental and emotional injury, pain, mental anguish, suffering, humiliation and embarrassment.

## SIXTH CAUSE OF ACTION

### Permanent Injunctive Relief

89. Plaintiffs repeat all previous allegations.

90. Defendant City of New York, its police department, and its officers have a distinct history of abusing their discretion, particularly in cases with suspicionless stops though more infamously in its "stop and frisk" policies and practices (e.g. Floyd v. City of New York, 08-Civ-1034).

91. On information and belief, NYPD has no meaningful policies, procedures or practices to ensure that checkpoint guidelines are set up in a constitutional manner, that checkpoints are conducted according to their guidelines, that officers who diverge from the guidelines are corrected or disciplined.

92. On information and belief, NYPD conducts no meaningful data collection to measure whether its checkpoints are conducted in an unbiased manner, or that they are effective for their purpose.

93. On information and belief, NYPD does not genuinely conduct checkpoints for the stated purpose but rather as publicity stunts, and/or as excuses for general crime control in violation of Indianapolis v. Edmond, 531 US 32 (2000).

94. Checkpoints, and the manner in which this checkpoint was conducted, are another example of NYPD's inability to carry out a program of suspicionless seizures in a non-arbitrary manner.

95. As with stop and frisk, NYPD's use of checkpoints leads to gross violations of the constitutional rights of ordinary people such as plaintiffs.

96. Irreparable harm to ordinary people (such as plaintiffs) is likely to occur in the absence of a permanent injunction barring the City of New York, NYPD and its officers, including the defendants in this action, from conducting checkpoints where cars are stopped without any suspicion of wrongdoing.

97. The balance of equities tip in the favor of plaintiffs and those similarly situated.

98. An injunction is in the public interest both as the constitutional violations are apparent and unavoidable, checkpoints are ineffective, and Defendants have available to them more effective methods (such as saturation patrols) that do not inherently violate constitutional rights.

### DEMAND FOR A TRIAL BY JURY

99. The Plaintiffs hereby demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Honorable Court grant them the following relief:

A. Award compensatory damages to plaintiffs against the defendants on the first cause of action, jointly and severally in the amount of $300,000.00 for each plaintiff;
B. Award punitive damages to plaintiffs against the defendants on the second cause of action, jointly and severally in the amount of $900,000.00 for each plaintiff;
C. Award compensatory damages to plaintiffs against the defendants on the third cause of action, jointly and severally in the amount of $300,000.00 for each plaintiff;
D. Award compensatory damages to plaintiffs against the defendants on the fourth cause of action, jointly and severally in the amount of $300,000.00 for each plaintiff;
E. Award compensatory damages to plaintiffs against Defendant City of New York on the fifth cause of action in the amount of $300,000.00 for each plaintiff;
F. Award attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988;
G. Grant a permanent injunction on the sixth cause of action barring Defendants from conducting suspicionless vehicle checkpoints, and/or mandating appropriate practices to monitor checkpoints such as data collection, video recording, and appointing a court monitor; and
H. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*Warren Redlich*

Warren Redlich    WR9596
Attorney for Plaintiff
12345 Riverfalls Court
Boca Raton, FL 33428
888-733-5299

Dated:  January 25, 2016
         Boca Raton, Florida