UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBERT A. SCHRAMm and GABRIELA SAENZ,

                                                                  Plaintiffs,      MEMORANDUM
v.                                                          OF LAW ON
                                                                               MOTION

THE CITY OF NEW YORK, POLICE OFFICER
ALAN HASSEL (#21029), POLICE OFFICER                1:16-cv-553
EMMANUEL DELACRUZ (#15061), and POLICE OFFICERS
"JOHN DOE" #1-4,

                                                                 Defendants.
_____

Plaintiff respectfully submits that all the relief requested in the instant motion is obvious and borders on trivial.

**I.   Spoliation**

      The Second Circuit is perhaps the most aggressive in its approach to combating spoliation by litigants. See Carnathan, *"Reckless Disregard" May Suffice for Spoliation Sanction*, <u>Litigation News</u>, ABA Section of Litigation, March 26, 2013 (online at http://apps.americanbar.org/litigation/litigationnews/top_stories/032613-reckless-disregard-sanction.html).

In 2002 the Second Circuit wrote:

> We hold that (1) where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial (at the expense of the party that breached its obligation), to declare a mistrial if trial has already commenced, or to proceed with a trial with an adverse inference instruction; (2) discovery sanctions, including an adverse inference instruction, may be imposed where a party has breached a discovery

>obligation not only through bad faith or gross negligence, but also through ordinary negligence; (3) **a judge's finding that a party acted with gross negligence or in bad faith with respect to discovery obligations is ordinarily sufficient to support a finding that the missing or destroyed evidence would have been harmful to that party**, even if the destruction or unavailability of the evidence was not caused by the acts constituting bad faith or gross negligence; and (4) in the instant case, the District Court applied the wrong standard in deciding DeGeorge's motion for sanctions.

<u>Residential Funding Corp. v. DeGeorge Financial Corp.</u>, 306 F.3d 99 (2nd Cir. 2002) (emphasis added).

In this case I submitted a FOIL request for paperwork from the checkpoint only three weeks after the checkpoint took place. NYPD was obstinate in its disregard for its obligations under the state's public records law and has demonstrated a well-known pattern and practice of disregarding such obligations.

Once the litigation commenced I notified defense counsel that we wanted the paperwork from the checkpoint. On April 26, 2016, I inquired by e-mail:

>"is there any chance you can get me documents and video from the checkpoint so we can start looking at the substance of the case?"

I continued requesting such paperwork both by e-mail, in person, on the phone and in other correspondence. The defense offers nothing more than lame excuses for their failure to produce the checkpoint paperwork and has not provided the requested documents to this date. For his part Defendant Jugraj claims he lost the document. Exhibit 2 at 17.

I respectfully submit that the failure to produce such paperwork is at the very least gross negligence and the Court should thus find that the missing evidence would have been harmful to the defense. Id.

## II. Compel Depositions

I have made several efforts to reach an agreement with defense counsel in order to depose Deputy Inspector Wilson Aramboles, Captain Bryan Natale, and Officer Pina. Defense counsel recently disclosed that Sgt. Jugraj's notes were redacted in a way that concealed another sergeant who was present at the checkpoint. Defense counsel refuses to identify that sergeant, has failed to provide a properly redacted copy of the notes, refused to produce Aramboles and Natale, and refuses to coordinate Pina's deposition so that they can all be done on the same day.

Pursuant to NYPD policy Inspector Aramboles, as commanding officer of the precinct, was required to plan the checkpoint in question. Exhibit 1. His testimony is relevant both to the checkpoint in question. It is also relevant to practices, policies and procedures in the 33rd precinct, all of which are critical to Monell liability. E.g. <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 313-315 (2d Cir. 2015). As it relates to citywide practices, Plaintiff respectfully points to a pending case against NYPD in the Eastern District, McLennon et al v. City of New York et al, EDNY 14-CV-6320 Dkt #58, March 18, 2016 (Brodie, J.).

> Here, while Plaintiffs point to their stops and to the four other stops found to be unconstitutional in Nandall, Rakitzis, Perez and Garcia (collectively the "Queens Criminal Court Decisions"), Plaintiffs have not plausibly alleged that unlawful searches and seizures from the Step-Out Enforcement Checkpoints are so widespread as to constitute a municipal custom. Setting aside Plaintiffs' conclusory allegations that there have been "hundreds" of other unlawful stops pursuant to similar checkpoints …, Plaintiffs plausibly allege only six incidents of unlawful seizures pursuant to the Step-Out Enforcement Checkpoints — those of McLennon, Augustine and Price and the incidents at issue in the Queens Criminal Court Decisions.)

Defense counsel's efforts to prevent depositions of witnesses such as Aramboles and Natale, as well as IDTU officers like Pina and the unidentified sergeant from this checkpoint, serves to prevent discovery regarding this serious issue how widespread these checkpoint practices are within NYPD. In that case the incidents involved only one unit of NYPD. This case brings in two more units (Precinct 33 and IDTU). The refusal to produce vehicle checkpoint forms (see below) also serves that purpose.

Sgt. Jugraj testified that Captain Natale was involved in planning the checkpoint. Exhibit 2 at 10. Defense counsel nevertheless refuses to produce Natale for a deposition, most recently on the basis that he is on an educational leave. As plaintiffs' counsel understands NYPD educational leave, Natale remains an employee of NYPD and Defendant City.

Officer Pina conducted the breath test of Plaintiff Schramm. He is a witness to Schramm's sobriety, to the interaction between Defendant Delacruz and Schramm, and also as a trained IDTU officer to NYPD procedures for handling DWI arrests. Defense counsel apparently agrees to produce him for a deposition but canceled his deposition at the last minute and refuses to coordinate the timing of his deposition with the other witnesses.

These depositions are clearly relevant to this case and appropriate. Plaintiff's counsel is unaware of any reason for defense counsel's refusal to produce these witnesses. The Court should compel these depositions. E.g. In re Deposition Subpoenas of David Garlock, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006); Naftchi v. New York University Medical Center, 172 F.R.D. 130, 132 (S.D.N.Y. 1997).

**III. Compel Production**

NYPD's "Patrol Guide Procedure No. 212-64: Vehicle Checkpoints" indicates that vehicle checkpoint forms are supposed to be prepared and maintained for all such checkpoints. Since the defense has failed to produce the checkpoint form from this checkpoint, plaintiffs' counsel believes that a blank form and examples of such forms from the same precinct would be helpful in preparing this case. Plaintiff requested the blank form during the Jugraj deposition, (Exhibit 2 at 29) and followed up also requesting completed forms. Exhibit 7.

Defense counsel has so far failed to produce a blank form and overtly refused to produce completed forms.

The scope of discovery is broad. E.g. Hickman v. Taylor, 329 US 495 (1947). Plaintiff's counsel is unaware of any reason why the defense is refusing to provide these

documents. They are clearly relevant to the NYPD's practices in DWI checkpoints and in particular those of the 33rd precinct which conducted this checkpoint.

   Plaintiffs' counsel tailored this discovery demand appropriately to a fairly tight window around the date of the checkpoint, and to the precinct which conducted the checkpoint. I respectfully submit that a demand for all such forms from the entire city for a longer period would be an appropriate demand, but at this time I am limiting my request appropriately.

                Respectfully Submitted,

                *Warren Redlich*

                Warren Redlich  WR9596
                Attorney for Plaintiff
                12345 Riverfalls Court
                Boca Raton, FL 33428
                888-733-5299

Dated:  March 1, 2017